## Sarah A. Jackson

### *v.*

## Emeline G. H. Condict et al.

[Filed October 21st, 1898.]

1. The doctrine of marshaling portions of lands in discharge of a mortgage in the inverse order of their alienation does not apply where the alienations were not made by deeds of general warranty, and were given for a nominal consideration, and there were no circumstances from which an agreement could be implied that the portions conveyed were to be free from the mortgage.

Jackson v. Condict.

2. An owner of land covered by a mortgage conveyed a portion by a deed containing no covenants of general warranty, in consideration of the grantee's agreement to build a depot on the land conveyed. The depot would be a convenience to adjoining lands, in which the grantor and grantee were both interested.—*Held*, that an agreement to relieve the land conveyed from a charge of a ratable portion of the mortgage could not be implied from said consideration.

3. A purchaser of a part of mortgaged land, with knowledge of an agreement between the owner of the land and the mortgagee that such part is to be charged with payment of a certain part of the mortgage, takes it subject to such agreement, where no agreement that the prior mortgage should be first paid out of the remaining part was made or could be implied from the circumstances of the purchase.

4. A mortgage on a large number of lots provided that any one would be released on payment of a certain sum. Subsequently the mortgagee and owner of a certain lot agreed that it would be released on payment of $750. Defendant accepted a second mortgage on such lot, after the mortgagor had stated, "There are $750 to be paid on this."—*Held*, that defendant had information sufficient to put him on inquiry and to charge him with notice of the agreement charging the lot with the payment of $750.

On bill to foreclose.

*Mr. Richard V. Lindabury*, for the complainant.

*Mr. Joseph F. Randolph*, for the defendants.

EMERY, V. C.

In this case the complainant forecloses a mortgage originally given upon about ninety-four acres of land, which was laid out in building lots (one thousand and forty-one in number), with parks, streets and depot lot. The defendant Mrs. Jennie Reynolds is a subsequent mortgagee of the " depot lot." All of the lots and parks included in complainant's mortgage have been released by complainant or her assignors, except the " depot lot " and seventeen of the building lots. Nine hundred and eighty-one of the lots were released subsequent to the execution and recording of defendant's mortgage, and the remaining forty-three lots were released subsequent to the conveyance of the " depot lot " to Mrs. Emeline Condict, under whom the defendant mortgagee claims.

The complainant's mortgage is a purchase-money mortgage given to Seaton and Benedict on October 12th, 1891, and by them assigned to John R. Planten on December 3d, 1892, subsequent to the conveyance of the "depot lot" to Mrs. Condict, which was made (as appears by the pleadings) on May 2d, 1892. This conveyance of the depot lot was made by the defendant Laura Jackson, who became the owner of the mortgaged premises on October 12th, 1891, subject to the complainant's mortgage of the same date. Silas A. Condict, the husband of Emeline Condict, was interested with Laura Jackson in the development and sale of the property, had a share in the profits and entire charge of the sales of lots. The "depot lot" and sixteen lots were conveyed by Laura Jackson to Mrs. Condict, at the request of Silas Condict, for a nominal consideration, and, as he says, upon his agreement to build a depot on the premises, which he afterwards did. The depot, as located, is a public convenience not only for the use of the owners of the tract in question, but also for owners of lots on adjoining tracts, in which Silas Condict was interested, and together constituting the station of "Aldene." The mortgage of complainant contains provisions for the release of portions of the mortgaged premises, these terms providing (so far as applicable to the depot lot) that they should be released on payment at the rate of $500 per acre, and this provision as to releases was in force when the conveyance of the depot lot was made to Silas A. Condict's wife. But on December 29th, 1892, another agreement in writing, changing the provisions as to releases, was made between Planten, the holder of the mortgage, and Laura Jackson, the owner of the mortgaged premises, in which the amount to be paid on account of each lot on release was fixed, and in which it was provided that the "depot" should be released upon payment of $750. Silas Condict, for whose benefit and in whose interest the conveyance to his wife of the "depot lot" was made, knew of this agreement and was the witness to Laura Jackson's signature. He had, by agreement, entire charge of the sale of the lots with a share of any profits, and subsequent sales of lots were made by Condict according to the terms of this second agreement, which, however, was not recorded. On

Jackson *v.* Condict.

October 13th, 1893, the title of the depot lot was put in Silas A. Condict's name (through an intermediary), and he with his wife, on the same date, gave to defendant Mrs. Jennie Reynolds a mortgage thereon to secure $11,495.56 with interest. The mortgage was given to secure a then outstanding indebtedness of Silas Condict to Mrs. Reynolds. Mrs. Reynolds says that at the time of taking her mortgage

" Mr. Condict said, ' I don't want to deceive you at all in this matter; there are $750 to be paid on this; ' he didn't say what the nature of it was, but he says, ' that is all right, it is the same as though it didn't exist; arrangements have been made to settle all that, and it is the same as if it did not exist.' He said arrangements had all been made."

The $750 does not appear to have been paid, and the amount due on the complainant's mortgage is over $5,000. Mrs. Reynolds says she had no knowledge of the Jackson mortgage at the time of taking her mortgage. It is now claimed by her counsel that, as to releases of the property covered by complainant's mortgage, she is chargeable only with the constructive notice of the provisions of the release in the mortgage itself, and is entitled, as claiming under Mrs. Condict, to have the full value of all the property remaining after the deed to Mrs. Condict was given, and which was afterwards released by complainant, applied to the payment of the mortgage. She claims that the proof establishes that Mrs. Jackson, at the time of these subsequent releases, had actual notice of her mortgage. This actual notice, however, is disputed, and is the principal question of fact in the cause.

Upon consideration of the pleadings and proofs, I reach the following conclusions :

*First.* The complainant had notice, through her agent, William H. Jackson, of the existence of complainant's mortgage, at the time of the execution of the releases of her mortgage in 1894.

*Second.* The deed to Mrs. Condict, the predecessor in title of defendant Mrs. Reynolds, not being shown to be a purchase upon valuable consideration, or a deed of warranty from Laura Jackson, the doctrine of marshaling the properties in the inverse

order of alienation does not apply. As between different portions of the premises subject to a common charge, the general and fundamental rule of equity is, that the burden is to be borne by the different portions ratably. The exception to the operation of this fundamental rule, which is made for the purpose of marshaling the portions in favor of a prior grantee of a portion of the premises, is based not on the simple fact of the earliest grant, but upon the conclusion that the character and circumstances of the earliest conveyance are such as show that it was the intention of the parties to the conveyance that the portion conveyed should be free from the common burden. *Hoy* v. *Bramhall, 4 C. E. Gr. 563,* and cases cited *p. 569* (*Errors and Appeals, 1868*); *2 Lead. Cas. Eq.* (*4th ed.*) *291, 296.* In *Hoy* v. *Bramhall,* it was held that where by the terms of the sale of a portion of the mortgaged premises the mortgage was to remain a common charge, the portion conveyed must contribute ratably. The cases in this state applying the rule of marshaling between successive grantees of the mortgagor, are cases of purchase for value or under general covenants of warranty. *Shannon* v. *Marsélis, Sax. 413* (*Chancellor Vroom, 1831*); *Gaskill* v. *Sine, 2 Beas. 400* (*Chancellor Green, 1861*); *Mount* v. *Potts, 8 C. E. Gr. 188* (*Chancellor Zabriskie, 1872*); *Hiles* v. *Coult, 3. Stew. Eq. 40* (*Chancellor Runyon, 1878*).

In such cases, courts of equity, for the purpose of carrying out the evident intention of both parties, that the vendee shall receive, so far as possible, the full benefit of the purchase free of encumbrance as intended to be made, have required the property remaining to the vendor to be first exhausted. I have been referred to no decision in this state, expressly upon the point that a voluntary deed upon nominal consideration without covenants of warranty, will not relieve the grantee from his liability to a ratable contribution, but this is the doctrine, as settled in other courts, where the general principle of marshaling is the same as ours. Notes to *Aldrich* v. *Cooper, 2 Lead. Cas. Eq.* (*4th Am. ed.*) *296, 304; 15 Am. & Eng. Encycl. L. 831, note 2.*

Where the deed is upon a nominal consideration and there is no agreement either express, as by warranty in the deed or other

covenant, and no agreement can be implied from the circumstances of the case, that the portion conveyed was to be free from encumbrances, I see no equitable reason for holding that there should be any marshaling of the different portions for the discharge of the common burden. Under such circumstances the true equity would seem to be ratable contribution, according to the general and fundamental rule above stated. In the present case the only consideration for Mrs. Condict's deed was that her husband should build a depot upon the land conveyed. This depot was intended as a convenience not only to the other lots conveyed by the deed and to the occupiers of the remaining lots of the grantor, but as well and to the same extent to other adjoining lands in which Silas Condict was interested. The consideration, therefore, was not of such a character as to imply any agreement or intention to relieve the depot lot altogether from the mortgage and impose it upon the remaining lots, and in the absence of any express .or implied agreement, the defendant Reynolds is not entitled, merely by reason of this prior conveyance, to cast the entire burden of the mortgage upon the remaining property.

*Third.* The provisions of the release made on December 29th, 1892, between Planten, the holder of the mortgage, and Laura Jackson, the owner of the premises, must govern the liability of the respective portions of the premises, including the lot previously conveyed to Mrs. Condict. Silas Condict, for whose benefit and in whose interest the conveyance to his wife of the "depot lot" was made, participated in this agreement, became a grantee of the "depot lot" after the agreement was made, and under the circumstances shown in this case, was bound by this agreement as to releases, fixing the proportion of the debt to be paid by the depot lot.

The only equity as to contribution which any grantee, without notice, under Mrs. Condict could claim, would be the re-adjustment of the proportionate value, if $750 exceeded the ratable value of the lot, but there is no claim or evidence that the proportion was unfair. Moreover, Condict's mortgagee, Mrs. Reynolds, had notice at the time of taking her mortgage, that

this proportion ($750) was to be paid on the property, and this information was sufficient to put her upon inquiry and to charge her with notice of the provisions of the second agreement for release. The "depot," therefore, will be charged with complainant's mortgage to the extent of $750, and I will so advise. Questions which seem to arise on the pleadings in relation to the subsequent mortgages or deeds to other defendants, were not presented at the hearing and have not been considered.