CALEDONIAN INSURANCE COMPANY, complainant,

*v.*

NORTH DUTCH REFORMED CHURCH, defendant.

[Decided January 11th, 1924.]

Where an award was made by appraisers appointed by the parties and an umpire appointed by the court of common pleas, this court should not go into the technicalities of the appraisals and attempt to review the opinion of men who are admittedly qualified and perfectly capable of coming to a proper decision, when the award was in accordance with law and was reasonable and without fraud.

*Messrs. Lum, Tamblyn & Colyer* (by *Messrs. Ernest C. and Ralph E. Lum*), for the complainant.

*Messrs. Osborne & Astley,* for the defendant.

CHURCH, V. C.

On the 27th of December, 1922, the North Dutch Reformed Church of Newark was damaged by fire. It was insured in fourteen insurance companies to the amount of about $160,-000. Thirteen of these settled after the general adjustment bureau, an organization to arrange such matters, had considered the question. The Caledonian Insurance Company, the fourteenth insurer, disagreed with the figures and declined to join with the others in paying.

Under agreement the church appointed one appraiser, the insurance company another, and they being unable to agree on a third, Mr. Oakley W. Cooke was appointed by the court of common pleas, under the statute, as an umpire. They met several times, made certain figures and appraisals, and finally a report was signed by Mr. Cooke and the appraiser appointed by the church, the appraiser of the insurance company declining to sign. This award was less in amount than that agreed to by the other insurance companies. The amount in dispute is approximately $3,500.

The complainants contend that the umpire appointed by the court of common pleas is incompetent, but offered no evidence whatever to substantiate this. Moreover, his competency was abundantly proved at the hearing.

I shall, therefore, decline to remove the umpire, or question his ability.

The only point then remaining, as I see it, is whether the award as finally made was in accordance with the law and was reasonable and without fraud. There is no contention that Mr. Cooke acted in an improper or fraudulent manner. He is a man of high character and his judgment only can be challenged. I believe that the award was made substantially in accordance with the terms of the policies and the adjustment agreement. I do not feel that this court should go

into the technicalities of appraisals and attempt to review the opinion of men who are admittedly qualified and perfectly capable of coming to a proper decision. The fact that the thirteen other insurance companies settled for a higher figure than that in dispute seems to prove that the award, as a matter of fact, was reasonable.

As I understand it, this church is entitled, under the policies, to have the appraisers estimate the cost of having the edifice restored to the same condition in which it was before the fire occurred. To cite one or two instances where the evidence varies, mention was made of some girders that were damaged by fire. The report as filed provided for new girders. The fact that the church did not replace these girders, but repaired the damage, does not seem to me important. They could have done either one of two things, replaced the girders or repaired them; but, in any event, they were entitled to the value of the replacement. The same can be said of the stained glass window, and in this connection I might remark that to say that a stained glass window which cost $12,000 and which was imported from abroad can be replaced for approximately $2,000 seems to me ridiculous. Neither can I see any benefit in re-referring this matter and having the umpire proceed in a more elaborate and technical manner. His competency being proved, this court cannot compel him to change his figures, and his second report would not, I presume, vary materially from his first. Neither would it be practical to refer the case to anyone else. The church is now restored in every particular, all evidences of damage by fire have been removed, and it would be idle for anyone other than the original appraisers to try now to ascertain what the damage was when all evidence of it has been eliminated.

I will therefore advise a decree dismissing the bill.