CALEDONIAN INSURANCE COMPANY, complainant-appellant,

v.

NORTH DUTCH REFORMED CHURCH, defendant-respondent.

Submitted March term, 1924. Decided May 19th, 1924.

1. The fact that other companies carrying insurance on the same building as complainant settled with defendant at a higher comparative figure than the amount in dispute between the complainant and defendant is not sufficient ground for holding against the complainant, as complainant has a right to stand upon its own policy of insurance.

2. The court will not remove an umpire appointed by the court of common pleas and selected by appraisers to act with them in adjusting a loss between insurer and insured where no evidence is introduced to substantiate the claim of one of the parties that the umpire is incompetent.

3. In such a case, where no fraud is alleged or proved against the umpire and one of the appraisers who made the award, the court will not remove the umpire or set aside the award.

4. Where the insured has sustained a loss, and an award has been made by an umpire duly appointed and one of the appraisers, in accordance with the terms of the policy, the court will not weigh the technicalities of the method of arriving at the award and making the appraisal, when the appraisers and umpire were admittedly competent and no injustice or fraud has been committed.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, whose opinion is reported in 95 N. J. Eq. 496, and also in 2 N. J. Adv. R. 143, &c.

Messrs. Lum, Tamblyn & Colyer (Mr. Ralph E. Lum, of counsel), for the complainant-appellant.

Messrs. Osborne & Astley, for the defendant-respondent.

The opinion of the court was delivered by

KAYS, J.

The bill in this case was filed for the purpose of attacking an award of an umpire appointed by the court of common pleas of Essex county, who was appointed to act with appraisers named by the complainant company and the defendant in connection with a loss by fire, sustained by the defendant.

On December 27th, 1922, the defendant, North Dutch Reformed Church of Newark, was damaged by fire. The property of the defendant was insured for about $160,000 in fourteen insurance companies, which, as usual in such cases, were liable *pro rata* for the loss in proportion to the amounts respectively written by them. The complainant company had on February 7th, 1922, insured the church property, including the Sunday school buildings and fixtures, as indicated in a policy of insurance, for a sum not exceeding $13,883.39. The complainant company and the defendant could not agree upon the loss, and, in accordance with the provisions of the policy, entered into what they termed an appraisal agreement on March 26th, 1923. By virtue of this agreement the insurance company appointed one John W. Clark to act as its appraiser and the defendant appointed one John Enstice to act as its appraiser. Under the agreement the two appraisers were to select a competent, disinterested person to act as umpire. The two appraisers were unable to agree upon a person to act as such umpire, and upon the application of the defendant, the court of common pleas of Essex county appointed such umpire under an act of the legislature entitled "An act to provide for the regulation and incorporation of insurance companies, and to regulate the transaction of insurance business in this state." *Comp. Stat. p. 2863* § *79.* The order of the court of common pleas appointing such umpire was made on April 20th, 1923. On April 23d, 1923, the same umpire, so appointed by the court of common pleas, Oakley W. Cook, was also appointed by the two appraisers, John W. Clark and John Enstice, by a writing signed by said appraisers.

On April 23d, 1923, the appraisers met and proceeded to estimate and appraise the loss, item by item. Their differences were submitted to the umpire. The umpire made investigation of the items in dispute, and on May 3d, 1923, the appraisers and umpire appeared to have met and the umpire reported that he was ready to make his award. The umpire signed his award and made the value $252,000 and the loss $152,423. This award was also signed by the appraiser appointed by the defendant.

The complainant was dissatisfied with the award and filed a bill in the court of chancery asking to have the award set aside and the umpire removed. The grounds of attack were that the umpire and appraiser for the defendant made the award without due consideration with the appraiser appointed by the insurance company, and that the award, although allowing deduction for depreciation, did not deduct depreciation in determining the loss and damage; that the award was not itemized; that the award did not separate and itemize the damage to the church and the damage to the Sunday school, and that the umpire was of insufficient experience, incompetent and unskilled. The vice-chancellor held that the points raised by the complainant were not well taken. He laid stress on the fact that thirteen other insurance companies which carried insurance on the buildings in question had settled with the defendant at a comparatively higher figure than the amount in dispute in this case, which fact seemed to prove that the award was reasonable.

We are of the opinion that the fact that thirteen other insurance companies had settled with the defendant at a higher comparative figure than the amount in dispute in this case is not sufficient ground for holding against the complainant, as the complainant had a right to stand on its policy of insurance. On the other hand, there seems to be nothing either in the bill itself or in the evidence which shows any fraud was practiced upon the complainant. Actual fraud must be alleged and proved. Chancery rules 1923, rule No. 46. This same rule appears in *1st Supp. Comp. Stat. 1911, 1915, p. 130, rule No. 33; Davis* v. *Davis, 55*

*N. J. Eq. 37, &c.* The court cannot weigh the experience and competency of an umpire lawfully appointed by the court and under the policy of insurance, as was Mr. Cook. The insurance company cannot complain that its appraiser was not sufficiently consulted, if the award appears to be an award of the umpire upon questions which were in dispute between the appraisers, as appears in this case. We can see no reason for the separation and the itemizing of the damage to the church and Sunday school, as the policy covered both, and was not apportioned as between the two. An award made as this was made will not be set aside unless there is clear proof of injustice done to the complainant. The evidence in this case, as we view it, fails to disclose, as has already been stated, any actual fraud, and also fails to disclose any injustice to the complainant.

We are further of the opinion that the allowance of counsel fee of $500 to the defendant was fair and reasonable, and should be allowed.

The bill, therefore, was properly dismissed because of the insufficiency of the allegations in the bill itself and also for the insufficiency of proof to sustain the allegations therein made.

For the reasons stated the decree appealed from will be affirmed, with costs.

*For affirmance* — THE CHIEF - JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS—15.

*For reversal*—None.